UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SEBASTIAN D'ANGELO,

                Plaintiff,      **No. 6:16-cv-06680(MAT)**
                                        **DECISION AND ORDER**
      -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Sebastian D'Angelo ("Plaintiff"), represented by counsel, brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## II. Procedural Status

On August 22, 2013, Plaintiff protectively filed an application for DIB, alleging disability beginning January 1, 2013. The application was initially denied on October 17, 2013. Plaintiff timely filed a written request for a hearing on October 28, 2013, which was held on June 23, 2015, by administrative law judge John P. Costello ("the ALJ"). Plaintiff appeared with his attorney and testified, as did Carol G. McManus, an impartial vocational expert

("the VE"). (T.31-69).[1] The ALJ issued an unfavorable decision on August 20, 2015, finding that Plaintiff was not disabled. (T.17-26). Plaintiff's request for review by the Appeals Council was denied on August 24, 2016, making the ALJ's decision the final decision of the Commissioner.

Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual summaries contained in the parties' briefs. The Court will discuss the record evidence further below, as necessary to the resolution of the parties' contentions.

For the reasons discussed below, the Commissioner's decision is affirmed.

**III. The ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2016, and had not engaged in substantial gainful activity ("SGA") since January 1, 2013, the alleged onset date ("AOD"). At the hearing, Plaintiff testified that since the AOD, he has been working part-time as a driver's education instructor;

---

[1] Citations to "T." in parentheses refer to pages from the transcript of the certified administrative record.

however, the ALJ found, the earnings from that job do not reach the level of SGA within the meaning of the Act.

At step two, the ALJ determined that Plaintiff has the following "severe" impairments: sensorineural hearing loss and tinnitus. The ALJ found that Plaintiff's diabetes mellitus and benign essential hypertension were not "severe" as they are both well controlled with medications, without any apparent complications. Likewise, the ALJ determined that Plaintiff's anxiety is not "severe" based on Plaintiff's testimony that his anxiety symptoms are controlled with medications that he takes on a per need basis only, and he does not participate in any psychotherapy or any other treatment modality for this impairment. In addition, while Plaintiff reported depressive symptoms during the consultative psychological examination, he denied any anxiety-related symptomatology. Applying the special technique, the ALJ assessed Plaintiff as having no limitations in any of the relevant functional areas (activities of daily living; social functioning; and maintaining concentration, persistence or pace). Furthermore, Plaintiff has not had any episodes of decompensation.

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

The ALJ then formulated Plaintiff's residual functional capacity ("RFC") as follows: He can perform a full range of work at all exertional levels but cannot climb ladders or scaffolds or work at unprotected heights, and he is limited to working in no more than a moderate noise level environment.

At step four, the ALJ found that Plaintiff, who was 62 years-old as of the onset date, is capable of performing past relevant work as an elementary school teacher (Dictionary of Occupational Titles ("DOT") #092-227-010, Specific Vocational Preparation ("SVP") 7, light exertional level) because this work does not require the performance of any work-related activities precluded by his RFC, and does not require him to work in an environment with a greater than moderate noise-level. The ALJ proceeded to make an alternative step five finding that there are other jobs existing in the national economy that Plaintiff is also able to perform. Based on the VE's testimony, the ALJ determined that given Plaintiff's age (closely approaching retirement age), education (at least a high school education), work experience, and RFC, Plaintiff can perform the requirements of representative occupations such as hospital cleaner (DOT #915.687-034, SVP 2, medium exertional level), of which there are 929,540 jobs in the national economy; and hospital food service worker (DOT #319.677-014, SVP 2, medium exertional level), of which there are 250,840 jobs in the national

economy. The ALJ determined that a finding of "not disabled" was therefore appropriate under the framework of Section 204.00 in the Medical-Vocational Guidelines.

**IV. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, the district court is limited to determining whether the Commissioner's findings were supported by substantial record evidence and whether the Commissioner employed the proper legal standards. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**V. Discussion**

    **A. RFC Unsupported by Substantial Evidence**

Plaintiff argues that the RFC is unsupported by substantial evidence because the ALJ failed to incorporate several nonexertional limitations into the RFC assessment.

At the outset, the Court observes that "'[s]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Because Plaintiff's argument focuses solely on the substantiality of the evidence supporting the RFC, it is subject to a "very deferential standard of review." Brault v. Social Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012). Notably, "once an ALJ finds facts, [the reviewing court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. (emphasis in original; internal quotation marks omitted).

Plaintiff contends that the ALJ failed to incorporate his "recurring inability to hear or receive communication" or his "need to handle concentration problems related to hearing loss or tinnitus." (Pl's Mem. at 16). To support these limitations, Plaintiff relies on his own testimony that his hearing loss "flares up" from time to time and the notation by treating source Paul O. Dutcher, M.D. that Plaintiff's hearing loss, which is caused by an

autoimmune disorder, is progressive and will be marked by fluctuations in his ability to hear. Dr. Dutcher opined that due to Plaintiff's hearing loss, he would be "off task" more than 30% of an 8-hour workday. The ALJ did not specifically dispute Dr. Dutcher's notation, in July of 2013, that Plaintiff's hearing fluctuated despite hearing aid use, but he did afford only "some weight" to Dr. Dutcher's RFC assessment issued on May 22, 2015, opining that Plaintiff would be "off task" more than 30% of an 8-hour work day due to his hearing loss. The ALJ found this restrictive opinion to be "not entirely consistent with the clinical evidence of record, and in particular, [Dr. Dutcher]'s own audiological and physical examination findings or the conservative treatment history." As the ALJ noted, Dr. Dutcher reported that Plaintiff's "hearing was stable with treatment and use of hearing aids[,]" and "as [Plaintiff]'s hearing had improved, the doctor suggested that [Plaintiff] [be] re-evaluated every 12 months." Specifically, in June of 2014, Dr. Dutcher observed that Plaintiff communicated well one-on-one with hearing aids. Clinically, Plaintiff's tympanic membranes were clear, intact, and mobile; the right membrane had healed completely, and there were no noted abnormalities. Given the stability in Plaintiff's condition, Dr. Dutcher suggested that Plaintiff return in a year for a follow-up. On May 22, 2015, Dr. Dutcher issued his highly restrictive RFC assessment; however, there are no contemporaneous clinical notes

indicating a worsening in Plaintiff's condition from June of 2014. Dr. Dutcher's RFC assessment also was inconsistent with the benign findings of consultative physician Dr. Harbinder Toor, who evaluated Plaintiff on October 3, 2013. Dr. Toor noted that Plaintiff "hears well and has no difficulty communicating with the hearing aids in place . . . during the examination." The ALJ remarked that, according to Dr. Toor, "except for the hearing loss when not using a hearing aid, bilaterally, [Plaintiff] has no other functional limitations." Moreover, Plaintiff's own reported activities do not support a greater restriction due to fluctuations in hearing-ability; as the ALJ noted, Plaintiff works part-time as a driver's education instructor and acknowledged that he had improvement of hearing with the use of amplifiers. Plaintiff testified that loud noises, not one-on-one conversations, caused created hearing difficulties for him. The ALJ incorporated a restriction in workplace noise-levels, which is supported by substantial evidence as discussed above.

Plaintiff also asserts that the ALJ failed to include his "need to handle moments of dizziness with associated vomiting, or his need to handle concentration problems related to hearing loss or tinnitus." (Pl's Mem. at 16). However, on the RFC questionnaire, when asked about whether Plaintiff experienced limitations due to dizziness and vertigo attacks, Dr. Dutcher responded, "N.A." (T.531). In other words, Dr. Dutcher apparently did not consider

dizziness and vertigo attacks to be part of Plaintiff's constellation of symptoms related to his hearing impairment. Moreover, Plaintiff has not contested the ALJ's step two finding, which did not analyze dizziness or vertigo attacks as potentially "severe" impairments. Thus, there is a lack of substantial evidence in the record to a restriction based on alleged vertigo attacks and dizziness.

**B. RFC Fails to Align with a Medical Expert Opinion**

Plaintiff contends that no particular medical expert opinion supports the ALJ's RFC assessment. (See Pl's Mem. at 18-19). However, as noted above, consultative physician Dr. Toor opined that apart from hearing loss when not using a hearing aid, bilaterally, Plaintiff has no other functional limitations. (T.397). Thus, while the RFC assessment does not track Dr. Dutcher's restrictive assessment, it is inaccurate to say that there is no medical expert opinion supportive of the RFC assessment. Courts have consistently ruled that "the opinion of a treating physician is not binding if it is contradicted by substantial evidence." Gonzalez v. Chater, No. 93 Civ. 7200, 1996 WL 442798, at *5 (S.D.N.Y. Aug. 6, 1996) (citing Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983)), aff'd, 152 F.3d 918 (2d Cir. 1998). "In this regard, the report of a consultative physician may constitute substantial contrary evidence." Id. (citing Mongeur, 722 F.2d at 1039 (citing Parker v. Harris, 626

-9-

F.2d 225 (2d Cir. 1980))). Dr. Toor's consultative report here provides "substantial contrary evidence" to treating physician Dr. Dutcher's restrictive opinion.

**VI. Conclusion**

For the foregoing reasons, the Court finds that the Commissioner's determination was not the product of legal error and is supported by substantial evidence. Therefore, the Commissioner's decision to deny Plaintiff benefits is affirmed. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Judgment on the Pleadings is granted, and it is further

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings is denied.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

**S/Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:  August 17, 2017
        Rochester, New York